**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| In Re:  William D. Calle,<br>        Debtor<br><br>        VIP Properties & Investments, LLC<br>        Plaintiff,<br>v.<br><br>        William D. Calle,<br>        Defendant. | Case No. **26-53454-JWJ**<br><br>Chapter 7<br><br>Adv. Pro. No. _____ |

**COMPLAINT
FOR A DECLARATORY JUDGMENT AND OBJECTION TO DISCHARGE**

Plaintiff VIP Properties & Investments, LLC ("VIP" or "Plaintiff"), by and through

undersigned counsel, hereby files this Complaint against Defendant William D. Calle

("Defendant" or "Debtor"), and in support thereof states as follows:

## I.      JURISDICTION AND VENUE

1.

This adversary proceeding is brought pursuant to USCS Bankruptcy R 7001 et seq.

2.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157

and 1334.[1] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) and (K).

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4.

Plaintiff consents to the entry of final orders and judgment by the Bankruptcy Court in this

adversary proceeding.

---

[1] See also Standing Order 25-01 issued by the United States Northern District of Georgia, Atlanta Division.

## II.    PARTIES

5.

VIP Properties & Investments, LLC is a Georgia limited liability company, which was listed on Debtor's Creditor Matrix in his Chapter 7 Petition filed on March 13, 2026 Case No. 26-53454-JWJ, pending in this Court.

6.

VIP holds a defeasible fee interest in the real property located at 8703 Lake Forest Drive, Jonesboro, Georgia 30236 (the "Property"), more particularly described in that Tax Deed dated February 4, 2025, recorded in the Office of the Clerk of the Superior Court of Clayton County, Georgia, in Deed Book 13921, Page 388 ("Tax Deed").[2]

7.

Defendant William D. Calle is the Debtor in the above-captioned Chapter 7 bankruptcy case, Case No. 26-53454-JWJ, pending in this Court. Defendant filed his Chapter 7 petition on March 13, 2026, appearing pro se. Defendant provided 8703 Lake Forest Drive, Jonesboro, Georgia 30236 as his address in his Chapter 7 petition.

8.

Pursuant to USCS Bankruptcy R 7004, copies of the summons and complaint will be served upon Chapter 7 Trustee S. Gregory Hays and the Office of the United States Trustee.

## III.    FACTUAL BACKGROUND

### A.  Debtor's Prior and Current Bankruptcy Filings

9.

---

[2] See Exhibit A.

2

On January 30, 2026, Defendant filed a Chapter 13 bankruptcy petition (Case No. 26-51268-JWJ) in which he listed VIP as a creditor. That case was dismissed on March 9, 2026 for Defendant's failure to correct filing deficiencies.[3]

10.

Four days later, on March 13, 2026, Defendant filed the instant Chapter 7 petition, again listing VIP as a creditor.[4] In his Schedule EF, Defendant listed VIP Properties & Investments, LLC as holding an unsecured claim in the amount of $442,000.[5]

11.

At no time has VIP qualified as a "creditor," as defined in 11 U.S.C. §101(10) or had a "claim," as defined in 11 U.S.C. §101(5) against Debtor.

**B.      Debtor's Sworn Admissions at the 341 Meeting of Creditors**

12.

On April 14, 2026, the Section 341 Meeting of Creditors was held before Chapter 7 Trustee S. Gregory Hays. Defendant appeared pro se. VIP's counsel, Daniel Oliva, Esq., appeared and questioned the Defendant under oath.

13.

Under oath before the Trustee, Defendant admitted the following relevant, material facts:

(a) Defendant confirmed that he had "no legal or equitable interest in any residence, building, land, or similar property," in accordance with Schedule A/B, Part 1, Line 1 of his Ch. 7 Petition.[6]

(b) Defendant confirmed that Defendant does not own the Property and has "never owned a house."[7]

---

[3] Doc 19, Case No. 26-51268-JWJ.
[4] Doc. 1, Case No. 26-53454-JWJ, p.10.
[5] Doc 14, p. 21.
[6] See Exhibit B, Creditors Meeting Tr., 8:5-9, April 14, 2026. Also filed as Doc 24 in Case No. 26-53454-JWJ.
[7] Creditors Meeting Tr., 10:24-25.

3

(c) Defendant admitted that he did not have a lease with U.S. Bank National Association, as Trustee for TBW Mortgage-Backed Trust 2006-6, Mortgage Pass-Through Certificates Series 2006-6.[8]

(d) Defendant confirmed that VIP never made any loans to him.[9]

(e) Defendant confirmed that VIP never obtained a judgment against Debtor.[10]

(f) Defendant confirmed that VIP has no claim against Debtor.[11]

(g) When asked by the Trustee whether he owes money to VIP, Defendant confirmed that he does not owe money to VIP.[12]

(h) Still, Defendant would not remove VIP from the Creditor Schedule to help "keep the house."[13]

## C.      The Court's Order Granting VIP Relief from the Automatic Stay

14.

On April 28, 2026, this Court held a hearing on VIP's Motion for Relief from the Automatic Stay. The automatic stay imposed by the Ch. 7 Petition continued until May 9, 2026, when the Court entered its Order on Motion for Relief from the Automatic Stay granting VIP immediate relief from the automatic stay, to allow VIP to exercise its rights and remedies with respect to the Property under applicable Georgia law, including the sending of barment notices pursuant to O.C.G.A. § 48-4-45.[14]

15.

Notwithstanding the above, the $442,000 is still listed on Debtor's Schedule EF. In addition, the Chapter 7 Trustee filed a Report of No Distribution, reflecting claims scheduled to be discharged of $452,557, a figure that appears to include the fabricated $442,000 debt.

---

[8] Creditors Meeting Tr., 9:5-10.
[9] Creditors Meeting Tr., 13:12-13.
[10] Creditors Meeting Tr., 13:14-16.
[11] Creditors Meeting Tr., 12:2-4.
[12] Creditors Meeting Tr., 16:14-16.
[13] Creditors Meeting Tr., 13:17-22.
[14] Doc. 30, Case No. 26-53454-JWJ.

## IV.    CLAIMS FOR RELIEF
### COUNT I
**Objection to Discharge Under 11 U.S.C. § 727(a)(4)(A)**

16.

VIP repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as if fully set forth herein.

17.

Section 727(a)(4)(A) of the Bankruptcy Code provides that the Court shall grant the debtor a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account.

18.

Defendant signed and filed his voluntary petition and schedules under penalty of perjury. Defendant made a false statement under oath when Debtor listed VIP as a creditor holding an unsecured claim of $442,000 in Schedule EF despite Debtor knowing that he owed no money to VIP.

19.

Defendant's false oath was knowing and fraudulent. Defendant admitted at the 341 Meeting that he understood VIP had no claim against him. Despite this awareness, he refused to amend his schedules to remove VIP, expressly acknowledging that he wanted to maintain VIP's listing because it served his improper purpose of interfering with VIP's property rights.

20.

The false oath was material. The falsely scheduled $442,000 debt to VIP represents the single largest alleged liability in Defendant's schedules, dwarfing the approximately $10,557 in legitimate creditor claims listed in the case. The false entry fundamentally misrepresents the nature

5

and extent of Defendant's liabilities and was directly designed to bring VIP, a party with no creditor relationship to Defendant, within the reach of the automatic stay.

21.

The pattern of Debtor's conduct further establishes fraudulent intent. Defendant filed two successive bankruptcy petitions, a Chapter 13 case dismissed for failure to file required documents, and the instant Chapter 7 case filed four days later. In each case, Debtor listed VIP as a purported creditor despite the complete absence of any claim by VIP against Debtor. Debtor's repeated filings, Debtor's express admission of improper purpose, and the Debtor's refusal to correct the schedules even when directly instructed to do so by the Trustee collectively establish that the false oath was not inadvertent error but a deliberate fraud upon this Court.

22.

VIP requests that the Court find that VIP is not a creditor of the Debtor, and has no claim against Debtor. Accordingly, VIP further requests, Defendant's schedules be amended to remove VIP Properties & Investments, LLC as a creditor and to remove the $442,000 from the schedule of unsecured debts.

23.

VIP requests that this Court deny Defendant's discharge in its entirety pursuant to 11 U.S.C. § 727(a)(4)(A).

**COUNT II**
**Declaratory Judgment Pursuant to 28 U.S.C. § 2201**

24.

VIP repeats and realleges each and every allegation set forth in paragraphs 1 through 15 as if fully set forth herein.

6

25.

An actual and justiciable controversy exists between VIP and Defendant concerning whether Defendant owes any debt, obligation, or liability to VIP. Defendant has listed VIP as a creditor holding an unsecured claim of $442,000 in his Schedule EF, and that entry is reflected in the Chapter 7 Trustee's Report of No Distribution as a claim scheduled for discharge. VIP disputes that any such debt, claim, or obligation exists or has ever existed.

26.

Pursuant to 28 U.S.C. § 2201 and 11 U.S.C. § 105(a), this Court has authority to declare the rights and legal relations of the parties. This Court additionally has authority over this determination as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K), as the relief sought constitutes a determination of the validity and extent of a purported claim against the estate.

27.

As established by Defendant's own sworn admissions at the Section 341 Meeting of Creditors, VIP has never made any loan to Defendant, never obtained any judgment against Defendant, never entered into any contract or agreement with Defendant, and never had any financial dealing with Defendant of any kind. No basis in law or fact exists for the $442,000 entry in Schedule EF.

28.

A declaratory judgment is necessary and appropriate to establish conclusively that the $442,000 listed in Debtor's schedules does not reflect a legitimate debt owed to VIP

29.

Accordingly, VIP requests that this Court enter a declaratory judgment that no debt, claim, lien, or obligation of any kind is owed by Defendant to VIP, that the $442,000 entry in Schedule

EF has no legal basis, and that Defendant's schedules be amended to remove VIP as a creditor and

to strike the $442,000 from the schedule of unsecured debts.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff VIP Properties & Investments, LLC respectfully requests that

this Court enter judgment:

A. Declaring that no debt, claim, lien, or obligation of any kind exists or has ever existed between Defendant and VIP;

B. Denying Defendant's discharge in its entirety pursuant to 11 U.S.C. § 727(a)(4)(A);

C. Ordering the amendment of Defendant's schedules to remove VIP Properties & Investments, LLC as a creditor and to remove the $442,000 from the schedule of unsecured debts; and

D. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of June, 2026.

**LAW OFFICES OF MARK WEINSTEIN, PC**

By: _____
Daniel Oliva, Esq.
Georgia Bar No. 712447
Attorney for Plaintiff VIP Properties & Investments, LLC
318 Maxwell Road, Suite 600
Alpharetta, Georgia 30009
Phone: (770) 888-7707
Email: doliva@mwlawga.com

8

**EXHIBIT A**

DEED
Recorded 2/13/2025  2:37 PM
Chanae Q Clemons
Clerk of Superior Court
Clayton County, GA
Book 13921 Page 388
Transfer Tax: $0.00

FOSTER, FOSTER, & SMITH, LLC
141 S. MCDONOUGH STREET
JONESBORO, GA  30236

STATE OF GEORGIA

COUNTY OF CLAYTON

### TAX DEED

WHEREAS, DANIELLE SMITH, Ex-Officio Sheriff of said County, did file writs of fieri facias, issued by said DANIELLE SMITH, Tax Commissioner of said County, against

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-6

and its predecessors in title, for Georgia State and County Taxes for the year(s) 2022-2023, upon that certain tract, parcel of land, and the improvements thereon, in said County of Clayton, State of Georgia, to wit:

ALL THAT TRACT OR PARCEL OF LAND lying and being in Land Lot 5 of the 6th District and Land Lot 12 of the 12th District, Clayton County, Georgia, Lot 44, Block A, Spivey Estates, as per plat recorded in Plat Book 17, Page 71, Clayton County Records, which reference is made for the purpose of incorporating the same as a part herein, being described in Deed Book 9916, Page 446 in aforesaid records,

LESS AND EXCEPT any property not being part of Tax Parcel 12012D A013.

This property is now known as parcel number 12012D A013, 8703 Lake Forest Dr., Jonesboro, Georgia.

Levied upon as the property of U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR TBW MORTGAGE-BACKED TRUST 2006-6, MORTGAGE PASS THROUGH CERTIFICATES SERIES 2006-6, and after due and legal Publication  (as required by law), being made in the Clayton NEWS/DAILY, a newspaper published in said County of Clayton, in which Sheriff's sales are published, of the sale of said tract, parcel of land as described above, to satisfy the tax fieri facias aforesaid, the said Ex-Officio Sheriff proceeded on the 4th day of February 2025, the same being a day of sale, for the same of sale according to law, at the courthouse door in said County, and said property was then offered for sale and

VIP PROPERTIES & INVESTMENTS LLC
7039 Blue Sky Drive
Locust Grove, GA  30248

being then and there the highest bidder  for the sum of Four Hundred Forty-two Thousand and 00/100 DOLLARS ($442,000.00), the said property was then and there knocked down to said highest bidder.

Book 13921 Page 389

NOW, this indenture, made and entered into, this the 4th day of February 2025 between DANIELLE SMITH, Ex-Officio Sheriff of Clayton County of the one part, and VIP PROPERTIES & INVESTMENTS LLC of the State of Georgia of the other part.

WITNESSETH, that for and in consideration of the sum of Four Hundred Forty-two Thousand and 00/100 DOLLARS ($442,000.00) cash to her in hand paid by said VIP PROPERTIES & INVESTMENTS LLC and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, the said DANIELLE SMITH, Ex-Official Sheriff, aforesaid, has granted, bargained and sold, and does by these presents grant, bargain, and sell unto the said VIP ROPERTIES & INVESTMENTS LLC, and its successors and assigns (so far as the office of Ex-Officio Sheriff authorized her to sell) all that tract, parcel of land in said County, and the improvements thereon as above described.

TO HAVE AND TO HOLD the above granted premises unto VIP PROPERTIES & INVESTMENTS LLC, and its successors and assigns, in as full and ample a manner as the same was held and possessed by the said taxpayer when the said property was levied upon and sold.

IN WITNESS WHEREOF, the said DANIELLE SMITH, Ex-Officio Sheriff of Clayton County hath hereunto set her hand and affixed her seal, the day and year first above written.

Signed, sealed and delivered

DANIELLE SMITH
Ex-Officio Sheriff
Tax Commissioner
Clayton County
State of Georgia

in the presence of:

Witness

NOTARY
My Commission Expires: 11-11-2026

**EXHIBIT B**

Page 1

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

IN RE:                              .

                                    .

WILLIAM D. CALLE,                   . Docket No. 26-53454-jwj

                                    .

     DEBTOR.                        .

                                    . Atlanta, GA

                                    . April 14, 2026

                                    .

. . . . . . . . . . . . . . . . . .


                    TRANSCRIPT OF

              341 MEETING OF CREDITORS

              S. GREGORY HAYS - TRUSTEE



Transcription Services:        Veritext

                               330 Old Country Road

                               Suite 300

                               Mineola, NY 11501


PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.

TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.

Page 2

APPEARANCES:

For the Debtor:           WILLIAM D. CALLE

                          PRO SE


For the US Trustee:       S. GREGORY HAYS

                          OFFICE OF THE UNITED STATES TRUSTEE

                          362 Richard Russell Building

                          75 Ted Turner Drive, SW

                          Atlanta, GA 30303


ALSO APPEARING:

DANIEL OLIVA, VIP PROPERTIES AND INVESTMENTS, LLC

Page 3

P R O C E E D I N G S

MR. HAYS:  Go to 27, calling the case of William D. Calle, C-A-L-L-E, 26-53454.  And I'm on Recording Number 27.  Mr. Calle is there.  Sir, please raise your right hand.  You're on mute, sir.  Do you solemnly swear under penalty of perjury to tell the truth, the whole truth, and nothing but the truth?

MR. CALLE:  Yes, sir.

MR. HAYS:  Please state your full name.

MR. CALLE:  William Dwight Calle.

MR. HAYS:  Okay, and I've got a copy of the Georgia driver's license today.  The picture matches the petition.  I've got a copy of the Social Security card that appears to match the petition.  Let me just look at it here and see if it's...  Okay, and I verified that.  I had to look it up on the computer.  Part of the number was cut off.  Okay, sir, and you filed this pro se?  You didn't pay anybody to help you fill out the forms?

MR. CALLE:  No, sir.

MR. HAYS:  Have you read the bankruptcy information sheet?

MR. CALLE:  Yes.

MR. HAYS:  Did you read and sign the petition and related documents?

MR. CALLE:  I did.

Page 4

MR. HAYS:  Have you filed bankruptcy before?

MR. CALLE:  No, sir.

MR. HAYS:  Is the information you filed with the Court true and correct?

UNIDENTIFIED SPEAKER 1:  Okay, so I'm on now.

MR. CALLE:  Yes, to the best of my knowledge, yes.

MR. HAYS:  Any change in your financial condition since you filed this case in March?

MR. CALLE:  No.

MR. HAYS:  Anything in your papers need to be updated?

MR. CALLE:  No.

MR. HAYS:  Are you still living on Lake Forest Drive?

MR. CALLE:  Yes.

MR. HAYS:  Okay.  There's a pro se case.  I think a lot of it was putting the schedules out.  There's some -- in fact, I've looked at all these pleadings, and there's a Creditor on the line.  Do you own this property at, that you live in, 8703 Lake Forest Drive?

MR. CALLE:  No.  No, I'm a tenant.

MR. HAYS:  You're a tenant?  Have you ever owned it?

MR. CALLE:  No.

MR. HAYS:  Okay, and who do you pay rent to?

Page 5

MR. CALLE:  My landlord?

MR. HAYS:  Yeah, who's that?

MR. CALLE:  Clarence Carr, C-A-R-R.

MR. HAYS:  Okay, and how much rent do you pay?

MR. CALLE:  450.  I just rent a room.

MR. HAYS:  You rent a room?  Okay, does he live in the house as well?

MR. CALLE:  Yes.

MR. HAYS:  Okay, and that -- there was a schedule, but somehow it was listed before.  We'll get to that in a minute, because the -- I know the lawyers have questions. The Lexus was a 2004 Lexus.  The -- do you still owe money on that car?

MR. CALLE:  Yes, well, I have a title loan, and the -- I have a title loan on it.

MR. HAYS:  Is the title loan current?

MR. CALLE:  But I still own it.  I'm sorry?

MR. HAYS:  Is the title loan current?

MR. CALLE:  Yeah.

MR. HAYS:  Okay, I had total assets of $4,000.  Is that a fair value of everything you own?

MR. CALLE:  Yes.

MR. HAYS:  Did you list all your Creditors?

MR. CALLE:  Yes.

MR. HAYS:  Okay, I see them here on Pages 18, 19.

Page 6

Most of them are fairly small.  I see a total of $10,000 in debt.  Is that right?

MR. CALLE:  Yes.

MR. HAYS:  Are you employed now?

MR. CALLE:  I'm a -- I receive a VA pension.  I'm a (indiscernible) --

MR. HAYS:  That's the $1,400 a month?

MR. CALLE:  Yes, it's 14-something.

MR. HAYS:  $1,450, okay.  Is that your only source of income?

MR. CALLE:  It's my only source, yes.

MR. HAYS:  And your budget, your rent is $400 a month, and you only had expenses of $890.  I'm sure you spent all the money you bring in every month, right, the $1,450?

MR. CALLE:  Yes, out of the paycheck, the paycheck.

MR. HAYS:  Okay, but your budget shows you have $560 a month left over.  Is that right?

MR. CALLE:  Not -- no, I -- no.

MR. HAYS:  You're not saving $560 a month.

MR. CALLE:  No, I don't even make it some months.

MR. HAYS:  Yeah, well, you don't -- we'll see what you don't have here.  You have food for $250 a month.  Do you pay utilities?

Page 7

MR. CALLE:  No.

MR. HAYS:  Do you have a car?  You have vehicle insurance, $50.

MR. CALLE:  I make the title -- I make a title payment on that.

MR. HAYS:  No, you don't have the title payment in here.  Is that the $150 a --

MR. CALLE:  That's why I didn't -- I didn't know if they're included or not.  I honestly didn't.

MR. HAYS:  Anyway, you're --

MR. CALLE:  So I'm current on it.  I'd like to keep it.  I'll just pay it off, the title loan.

MR. HAYS:  And when you say you have, on the summary of schedules, $452,000 in debt, is that accurate?

MR. CALLE:  $452,000?

MR. HAYS:  Yeah, that's what you have on Page 32 of 34.  And in other -- in another section, you have only $10,000 in debt.

MR. CALLE:  Well, that's my Creditors, and --

MR. HAYS:  It's supposed to be $10,557, isn't it?

MR. CALLE:  Yes.

MR. HAYS:  Okay, for some reason, the summary, it's wrong.  Okay.  Okay, the -- there's an attorney on the line, I believe.  Sir, do you have any questions?

MR. OLIVA:  Yes.

Page 8

MR. HAYS:  Go ahead.

MR. OLIVA:  Thank you, Trustee.  So I'm sorry, is it Mr. Calle?

MR. CALLE:  Yeah.

MR. OLIVA:  Okay, Mr. Calle, on your Schedule AB, Part 1 Line 1, you have checked that you have no legal or equitable interest in any residence, building, land, or similar property.  Is that correct?

MR. CALLE:  Correct.

MR. OLIVA:  So on your Chapter 7 petition, Part 2 Line 9, it reflects a prior bankruptcy case, Case Number 26-51268, filed on January 30th, 2026.  Is that correct?

MR. CALLE:  Yes, and it was a mistake, and we reversed it.  But I shouldn't have done that.  I made a mistake.  That wasn't the best chapter for me to file.

MR. OLIVA:  When did you become aware that your Chapter 13 case was dismissed because you failed to comply with the Court's order as described in Document 19 of that case?

MR. CALLE:  I don't remember.

MR. OLIVA:  In connection with the property at 8703 Lake Forest Drive, do you have a written lease with US Bank National Association as Trustee for TBW Mortgage-Backed Trust, 2006-6 on a Mortgage Pass-Through Certificate 02006-6?

Page 9

MR. CALLE:  No, it may be because of the situation with the house, but I'm not -- I don't think I'm directly, no, because I'm not the, you know, I'm not the homeowner. You know what I'm saying?  I may be indirectly but not --

MR. OLIVA:  Do you have a written lease or not?

MR. CALLE:  Yes, I do, but not with --

MR. OLIVA:  US Bank.

MR. CALLE:  -- US --

MR. OLIVA:  Bank, National Association?

MR. CALLE:  No.

MR. OLIVA:  So your Schedule G, where you would list written leases, it's completely blank.  Why was it blank?

MR. CALLE:  The what?

MR. OLIVA:  Your Schedule G where you would list your leases, it's blank.  There's nothing there.  Why did you leave it blank?

MR. CALLE:  I didn't even know that.  I thought I put $450 down for my rent.  That's what I pay.  If I missed something, well, did I miss -- is there something incomplete?

MR. OLIVA:  Yeah, I don't have any records of any written leases.

MR. CALLE:  Because I could have sworn that I did -- they did ask how much my rent was, and I did this, but

Page 10

when I had canceled the other chapter, I guess that you start over.  But --

MR. OLIVA:  Do you have a written lease of any person for the property?

MR. CALLE:  Yeah.

MR. OLIVA:  Who?

MR. CALLE:  Clarence Carr.

MR. OLIVA:  And Clarence Carr has represented to you that he is the owner of the property?

MR. CALLE:  Yes.

MR. OLIVA:  Do you use the email address ikecalle@gmail.com to send and receive emails?

MR. CALLE:  Can I get a little advice?  I don't know if all this -- I've never been in this situation.  I have an attorney asking me a lot of questions, and I don't know if all this -- if I have to answer it.

MR. HAYS:  Yeah, he can -- sir, you filed pro se.

MR. CALLE:  (Indiscernible).

MR. HAYS:  You filed pro se, and he represents a Creditor, and he can ask you questions.  You've indicated somewhere that somehow they believe you think you own the house, and you've testified you don't own the property, so --

MR. CALLE:  No, I never -- I've never owned a house.  I've never stated I owned a house.

Page 11

MR. HAYS:  Yeah, I don't know what else you need to ask.  I mean, he said he doesn't have a -- he has a lease with this guy that apparently owns the house, and you're trying to get a motion to lift stay.  Well, he doesn't own the house, so there's no reason for --

MR. CALLE:  I'm a tenant.  I'm just a tenant.

MR. HAYS:  Yeah.

MR. OLIVA:  Well, Trustee, just to give you a background, this is the second bankruptcy case that this Debtor has filed, and conveniently, it seems like he's forgetting some details, but my client has no claim against this person, didn't even know this person existed until the first bankruptcy case was filed.  And somehow, we're listed on this petition.  So that's just some background, so just going back to my question, on Schedule EF, I think you clarified to the Trustee Line 4, Period 11.  You listed my client, VIP Properties and Investments, LLC as a Creditor who has an unsecured claim for $442,000.  Are you saying now that that was a mistake?

MR. CALLE:  No.

MR. OLIVA:  So you're saying my client has a claim against you for $442,000?

MR. CALLE:  That's correct.  That's correct.

MR. HAYS:  How do --

MR. OLIVA:  Are you aware --

Page 12

MR. HAYS:  Yeah, go ahead.

MR. OLIVA:  -- are you aware that my client has no claim against you?

MR. CALLE:  Yes.

MR. OLIVA:  So prior to January 30th, 2026, did you ever make any contact with anyone associated with my client?

MR. CALLE:  With who?

MR. OLIVA:  My client, VIP Properties and Investments, LLC.

MR. CALLE:  Yes, I think I emailed.

MR. OLIVA:  Before January 30th, 2026 or on January 30th, 2026?

MR. CALLE:  I don't remember.  Is this VIP Properties?

MR. HAYS:  He represents VIP Properties.

MR. CALLE:  Okay.

MR. HAYS:  The question is, why did you list them owing them $442,000?

MR. CALLE:  Well, I'd like to pay the taxes on this.

MR. HAYS:  You'd like to pay the taxes on the house you live in?

MR. CALLE:  Yes.

MR. HAYS:  But you don't have any --

Page 13

MR. CALLE:  I (indiscernible) -- that's what the owner said.  He said I could -- that if I, you know, as a tenant, I can pay the back taxes, because I'm living at the property.

MR. OLIVA:  And who said that, the landlord?

MR. CALLE:  Well, (indiscernible), I mean, I don't know.  I'm not -- this is, you know, whatever your --

MR. OLIVA:  Who told you, you could pay the back taxes?

MR. CALLE:  The owner, Clarence Carr.  Well, the prior owner, Clarence Carr.

MR. OLIVA:  So did VIP ever make any loans to you?

MR. CALLE:  No.

MR. OLIVA:  Did VIP ever obtain a judgment against you?

MR. CALLE:  No.

MR. OLIVA:  So would it be correct to remove VIP as a creditor from your petition?

MR. CALLE:  Well, there's -- not if it allows -- if not -- not if it helps.

MR. OLIVA:  Helps who?

MR. CALLE:  Helps keep the house, you know --

MR. OLIVA:  You're a tenant on the property.  Is that correct?

MR. CALLE:  Correct, correct.

Page 14

MR. OLIVA:  Okay.

MR. CALLE:  I'm here right now.

MR. OLIVA:  How do you know Clarence Carr?

MR. CALLE:  I worked with him for a while after I got out of the Air Force, and we've been friends for life, since grade school.

MR. OLIVA:  And when did Clarence Carr first tell you that he owned the property?

MR. CALLE:  A long time ago, I think he bought it in 2008.  I'm not sure.

MR. OLIVA:  Did he -- did Clarence Carr ever tell you about a deed under power that was recorded on January 4th, 2011 that transferred title out of Clarence Carr's name to US Bank?

MR. CALLE:  No.

MR. OLIVA:  Do you have any accounts that you hold jointly with Clarence Carr?

MR. CALLE:  No.  No.

MR. OLIVA:  Other than the rent payments you claim you make to Clarence Carr, have you transferred any money or assets to Clarence Carr in the past two years?

MR. CALLE:  No, no, I'm not wealthy, either.  I don't have things.  You -- I don't have -- I have my car and I don't have my --

MR. OLIVA:  Are you aware that the property at

Page 15

8703 Lake Forest Drive was sold at a tax sale on February 14, '25?

MR. CALLE:  I thought it was still in limbo.  I'm not -- I don't know all the details on it.  I know something happened, but it has to do with the taxes, and I can -- if there's any way that I could catch the -- you know, catch up with taxes or something, whatever, as a tenant here, then I'd like to do that.

MR. OLIVA:  In connection with the February 4, 2025 tax sale of 8703 Lake Forest Drive, are you aware that US Bank National Association as Trustee for TBW Mortgage-Backed Trust 2006-6 Mortgage Pass-Through Certificate 02006-6 was listed as the defendant and (indiscernible) on that tax deed?

MR. CALLE:  No.  I know there's been a long-going with the property and with that bank, but I don't know of all the details.  To be honest --

MR. OLIVA:  Who told you about the tax sale?

MR. CALLE:  Well, I didn't even know there was actually a tax sale.  I don't know what's going on with the banks, really.  I didn't know if the house was actually -- because this has been going on so long, I don't know if it's been actually if it's in his name or whose name is it, to be honest.

MR. OLIVA:  Are you -- so are you --

Page 16

MR. CALLE:  This is --

MR. HAYS:  I need to move this along.  We've been going 20 minutes.

MR. CALLE:  -- to be honest, you might have the wrong person.  I'm sorry.

MR. OLIVA:  I'm going off the petition you filed. I mean, this is a serious claim.  You listed my client owes you 440 -- that you owe my client $442,000.  This is a serious situation, so these questions I'm asking, I'm trying to understand why you would do that.

MR. CALLE:  I understand.

MR. HAYS:  Was he --

MR. OLIVA:  So are you --

MR. HAYS:  You've testified you don't owe him any money, right?

MR. CALLE:  Correct.

MR. HAYS:  Okay, you don't owe him any money, but it's in your schedules.  Are you going to amend your schedules to take the $442,000 off?

MR. CALLE:  Well, would that affect me being able to file bankruptcy?

MR. HAYS:  No, it doesn't.  It --

MR. CALLE:  I'd like to file a bankruptcy (indiscernible) --

MR. HAYS:  No, it just resolves this problem.

Page 17

MR. CALLE:  I won't go off on a rabbit trail.

MR. HAYS:  You don't owe them money, but you put them down.  It's caused problems, so the question is, are you going to --

MR. CALLE:  They are a Creditor, aren't they? Aren't they a Creditor?

MR. HAYS:  You've just said you don't owe them the money.

MR. CALLE:  I believe they're a Creditor.

MR. HAYS:  Well, I'll just refer this to the Office of the United States Trustee, and we'll see what happens.  I mean, I -- we've been going 21 minutes.  I --

MR. CALLE:  I'm sorry.  I didn't even expect.

MR. HAYS:  You know, I think I'll move to dismiss the -- I guess the US Trustee will move to dismiss the case, or I'll have to.  Counsel, what are you --

MR. CALLE:  Dismiss my bankruptcy?

MR. HAYS:  Yeah, but I mean --

MR. CALLE:  Why?

MR. HAYS:  You're putting something on your schedules that you owe this debt, and you don't owe it. You've testified you don't owe it.  But you're trying to hold up something.  I mean, I don't understand what you're trying to do.  The Creditor doesn't understand what you're trying to do.

Page 18

MR. CALLE:  Okay.

MR. HAYS:  I mean, it's a pretty simple case if you don't have this $442,000 in here --

MR. CALLE:  Right.

MR. HAYS:  -- that you --

MR. CALLE:  I mean, I'm just a VA with a pension, and it's pretty simple.  I don't even have kids.

MR. HAYS:  You don't have what?

MR. CALLE:  I don't have dependents.  Dependents are -- I (indiscernible) pretty simple --

MR. HAYS:  No, and we're not talking about dependents.  We're talking about whether or not you owe $442,000 to VIP Properties.  And it's a simple question.  Do you owe them or not?

MR. CALLE:  Yeah...

MR. HAYS:  Sir, you're wasting a lot of people's time --

MR. CALLE:  They're a Creditor, in my belief.  I'm sorry.  I'm sorry to take up ya'll's time.  I'm sorry.

MR. HAYS:  Okay, we'll move to -- we'll move to dismiss the case.

MR. OLIVA:  Thank you.

MR. CALLE:  But if -- wait, I didn't know that you would -- this would be (indiscernible).  I've never filed bankruptcy in my life.

Page 19

MR. OLIVA:  Mr. Calle, if you just remove my client as a Creditor, this will resolve a lot of issues in your case.

MR. CALLE:  Right, because I'd just like to file bankruptcy.  I'll never be able to pay all my Creditors, and I've had this -- I'm 56 and I've never paid a -- I've never filed bankruptcy.  I keep holding off and holding off.

MR. OLIVA:  Well, Trustee, if you would recommend dismissing this bankruptcy petition, I would be fine with that.

MR. CALLE:  Okay, (indiscernible), Your Honor.

MR. HAYS:  I'll recommend to the -- I'll recommend to the US Trustee that the case -- I don't know.  I've never seen anything like this, so --

MR. OLIVA:  Me too, me too.

MR. HAYS:  -- maybe I'll put bad faith.  He's trying to hold you up somehow.

MR. OLIVA:  Yes.

MR. HAYS:  Yeah, a 707(b)(3), a dismissal for bad faith.  I don't know what he's trying to do, so...

All right, thank you, sir.

MR. CALLE:  Okay, thank you, sir.

MR. OLIVA:  Thank you.  May I be dismissed?

MR. HAYS:  Yes, I'm closing the case.

(Whereupon these proceedings were concluded)

Page 20

**C E R T I F I C A T I O N**

I, Sonya Ledanski Hyde, certified that the foregoing

transcript is a true and accurate record of the proceedings.

*Sonya M. Ledanski Hyde*

Sonya Ledanski Hyde

Veritext Legal Solutions

330 Old Country Road

Suite 300

Mineola, NY 11501

Date:  April 23, 2026

**[02006 - banks]**

**0**

**02006** 8:24 15:12

**1**

**1** 4:5 8:6,6
**1,400** 6:7
**1,450** 6:9,15
**10,000** 6:1 7:18
**10,557** 7:20
**11** 11:16
**11501** 1:22 20:23
**12151** 20:7
**13** 8:17
**14** 1:10 6:8 15:2
**150** 7:7
**18** 5:25
**19** 5:25 8:18

**2**

**2** 8:10
**20** 16:3
**2004** 5:12
**2006-6** 8:24 15:12
**2008** 14:10
**2011** 14:13
**2025** 15:10
**2026** 1:10 8:12 12:5,12,13 20:25
**21** 17:12
**23** 20:25
**25** 15:2
**250** 6:24

**26** 8:11
**26-53454** 1:6 3:3
**27** 3:2,4

**3**

**3** 19:19
**300** 1:21 20:22
**30303** 2:9
**30th** 8:12 12:5 12:12,13
**32** 7:16
**330** 1:20 20:21
**34** 7:17
**341** 1:15
**362** 2:7

**4**

**4** 11:16 15:9
**4,000** 5:20
**400** 6:12
**440** 16:8
**442,000** 11:18 11:22 12:19 16:8,19 18:3 18:13
**450** 5:5 9:19
**452,000** 7:14 7:15
**4th** 14:13

**5**

**50** 7:3
**51268** 8:12
**56** 19:6
**560** 6:19,21

**6**

**6** 8:25 15:13

**7**

**7** 8:10
**707** 19:19
**75** 2:8

**8**

**8703** 4:20 8:22 15:1,10
**890** 6:13

**9**

**9** 8:11

**a**

**ab** 8:5
**able** 16:20 19:5
**accounts** 14:16
**accurate** 7:14 20:4
**actually** 15:20 15:21,23
**address** 10:11
**advice** 10:13
**affect** 16:20
**ago** 14:9
**ahead** 8:1 12:1
**air** 14:5
**allows** 13:19
**amend** 16:18
**answer** 10:16
**anybody** 3:18
**anyway** 7:10
**apparently** 11:3
**appearances** 2:1

**appearing** 2:11
**appears** 3:14
**april** 1:10 20:25
**asking** 10:15 16:9
**assets** 5:20 14:21
**associated** 12:6
**association** 8:23 9:9 15:11
**atlanta** 1:3,9 2:9
**attorney** 7:23 10:15
**aware** 8:16 11:25 12:2 14:25 15:10

**b**

**b** 19:19
**back** 11:15 13:3,8
**backed** 8:23 15:12
**background** 11:9,14
**bad** 19:16,19
**bank** 8:23 9:7 9:9 14:14 15:11,16
**bankruptcy** 1:1 3:20 4:1 8:11 11:9,13 16:21,23 17:17 18:25 19:5,7,9
**banks** 15:21

[belief - drive]

Page 2

| | | | |
|---|---|---|---|
| **belief** 18:18 | 17:1,5,9,13,17 | **clarified** 11:16 | **cut** 3:16 |
| **believe** 7:24 | 17:19 18:1,4,6 | **client** 11:11,17 | **d** |
| 10:21 17:9 | 18:9,15,18,23 | 11:21 12:2,7,9 | **d** 1:6 2:2 3:1,3 |
| **best** 4:6 8:15 | 19:1,4,11,22 | 16:7,8 19:2 | **daniel** 2:12 |
| **blank** 9:12,13 | **calling** 3:2 | **closing** 19:24 | **date** 20:25 |
| 9:16,17 | **canceled** 10:1 | **completely** | **debt** 6:2 7:14 |
| **bought** 14:9 | **car** 5:13 7:2 | 9:12 | 7:18 17:21 |
| **bring** 6:14 | 14:23 | **comply** 8:17 | **debtor** 1:8 2:2 |
| **budget** 6:12,18 | **card** 3:13 | **computer** 3:16 | 11:10 |
| **building** 2:7 | **carr** 5:3 10:7,8 | **concluded** | **deed** 14:12 |
| 8:7 | 13:10,11 14:3 | 19:25 | 15:14 |
| **c** | 14:7,11,17,20 | **condition** 4:7 | **defendant** |
| **c** 3:1,3 5:3 20:1 | 14:21 | **connection** | 15:13 |
| 20:1 | **carr's** 14:13 | 8:21 15:9 | **dependents** |
| **calle** 1:6 2:2 | **case** 3:2 4:8,16 | **contact** 12:6 | 18:9,9,12 |
| 3:3,4,8,10,10 | 8:11,11,17,19 | **conveniently** | **described** 8:18 |
| 3:19,22,25 4:2 | 11:9,13 17:15 | 11:10 | **details** 11:11 |
| 4:6,9,12,15,21 | 18:2,21 19:3 | **copy** 3:11,13 | 15:4,17 |
| 4:24 5:1,3,5,8 | 19:13,24 | **correct** 4:4 8:8 | **directly** 9:2 |
| 5:14,17,19,22 | **catch** 15:6,6 | 8:9,12 11:23 | **dismiss** 17:14 |
| 5:24 6:3,5,8,11 | **caused** 17:3 | 11:23 13:17,24 | 17:15,17 18:21 |
| 6:16,20,22 7:1 | **certificate** 8:24 | 13:25,25 16:16 | **dismissal** |
| 7:4,8,11,15,19 | 15:12 | **counsel** 17:16 | 19:19 |
| 7:21 8:3,4,5,9 | **certified** 20:3 | **country** 1:20 | **dismissed** 8:17 |
| 8:13,20 9:1,6,8 | **change** 4:7 | 20:21 | 19:23 |
| 9:10,14,18,24 | **chapter** 8:10 | **court** 1:1 4:4 | **dismissing** |
| 10:5,7,10,13 | 8:15,17 10:1 | **court's** 8:18 | 19:9 |
| 10:18,24 11:6 | **checked** 8:6 | **creditor** 4:19 | **district** 1:2 |
| 11:20,23 12:4 | **claim** 11:11,18 | 10:20 11:17 | **division** 1:3 |
| 12:8,11,14,17 | 11:21 12:3 | 13:18 17:5,6,9 | **docket** 1:6 |
| 12:20,24 13:1 | 14:19 16:7 | 17:24 18:18 | **document** 8:18 |
| 13:6,10,13,16 | **clarence** 5:3 | 19:2 | **documents** |
| 13:19,22,25 | 10:7,8 13:10 | **creditors** 1:15 | 3:24 |
| 14:2,4,9,15,18 | 13:11 14:3,7 | 5:23 7:19 19:5 | **drive** 2:8 4:14 |
| 14:22 15:3,15 | 14:11,13,17,20 | **current** 5:16 | 4:20 8:22 15:1 |
| 15:19 16:1,4 | 14:21 | 5:18 7:11 | 15:10 |
| 16:11,16,20,23 | | | |

Veritext Legal Solutions

212-267-6868                     www.veritext.com                     516-608-2400

[driver's - know]                                                                    Page 3

| | | | |
|---|---|---|---|
| **driver's** 3:12 | **food** 6:24 | 4:1,3,7,10,13 | **income** 6:10 |
| **dwight** 3:10 | **force** 14:5 | 4:16,22,25 5:2 | **incomplete** |
| **e** | **foregoing** 20:3 | 5:4,6,9,16,18 | 9:21 |
| **e** 3:1,1,3 20:1 | **forest** 4:13,20 | 5:20,23,25 6:4 | **indicated** |
| **ef** 11:15 | 8:22 15:1,10 | 6:7,9,12,18,21 | 10:20 |
| **either** 14:22 | **forgetting** | 6:23 7:2,6,10 | **indirectly** 9:4 |
| **electronic** 1:24 | 11:11 | 7:13,16,20,22 | **indiscernible** |
| **email** 10:11 | **forms** 3:18 | 8:1 10:17,19 | 6:6 10:18 13:1 |
| **emailed** 12:11 | **friends** 14:5 | 11:1,7,24 12:1 | 13:6 15:13 |
| **emails** 10:12 | **full** 3:9 | 12:16,18,22,25 | 16:24 18:10,24 |
| **employed** 6:4 | **g** | 16:2,12,14,17 | 19:11 |
| **equitable** 8:7 | **g** 3:1 9:11,15 | 16:22,25 17:2 | **information** |
| **existed** 11:12 | **ga** 1:9 2:9 | 17:7,10,14,18 | 3:21 4:3 |
| **expect** 17:13 | **georgia** 1:2 | 17:20 18:2,5,8 | **insurance** 7:3 |
| **expenses** 6:13 | 3:12 | 18:11,16,20 | **interest** 8:7 |
| **f** | **give** 11:8 | 19:12,16,19,24 | **investments** |
| **f** 20:1 | **gmail.com** | **help** 3:18 | 2:12 11:17 |
| **fact** 4:18 | 10:12 | **helps** 13:20,21 | 12:10 |
| **failed** 8:17 | **go** 3:2 8:1 12:1 | 13:22 | **issues** 19:2 |
| **fair** 5:21 | 17:1 | **hold** 14:16 | **j** |
| **fairly** 6:1 | **going** 11:15 | 17:23 19:17 | **january** 8:12 |
| **faith** 19:16,20 | 15:15,20,22 | **holding** 19:7,7 | 12:5,12,13 |
| **february** 15:1 | 16:3,6,18 17:4 | **homeowner** | 14:12 |
| 15:9 | 17:12 | 9:3 | **jointly** 14:17 |
| **file** 8:15 16:21 | **grade** 14:6 | **honest** 15:17 | **judgment** |
| 16:23 19:4 | **gregory** 1:16 | 15:24 16:4 | 13:14 |
| **filed** 3:17 4:1,3 | 2:5 | **honestly** 7:9 | **jwj** 1:6 |
| 4:8 8:12 10:17 | **guess** 10:1 | **honor** 19:11 | **k** |
| 10:19 11:10,13 | 17:15 | **house** 5:7 9:2 | **keep** 7:12 |
| 16:6 18:24 | **guy** 11:3 | 10:22,25,25 | 13:22 19:7 |
| 19:7 | **h** | 11:3,5 12:23 | **kids** 18:7 |
| **fill** 3:18 | **hand** 3:4 | 13:22 15:21 | **know** 5:11 7:8 |
| **financial** 4:7 | **happened** 15:5 | **hyde** 20:3,8 | 9:3,4,18 10:14 |
| **fine** 19:9 | **happens** 17:12 | **i** | 10:16 11:1,12 |
| **first** 11:13 14:7 | **hays** 1:16 2:5 | **ikecalle** 10:12 | 13:2,7,7,22 |
| | 3:2,9,11,20,23 | **included** 7:9 | 14:3 15:4,4,6 |

[know - papers]

15:15,16,19,20 15:21,22 17:14 18:23 19:13,20
**knowledge** 4:6

**l**

**l** 3:3,3
**lake** 4:13,20 8:22 15:1,10
**land** 8:7
**landlord** 5:1 13:5
**lawyers** 5:11
**lease** 8:22 9:5 10:3 11:2
**leases** 9:12,16 9:23
**leave** 9:17
**ledanski** 20:3,8
**left** 6:19
**legal** 8:6 20:20
**lexus** 5:12,12
**license** 3:12
**life** 14:5 18:25
**lift** 11:4
**limbo** 15:3
**line** 4:19 7:24 8:6,11 11:16
**list** 5:23 9:12 9:15 12:18
**listed** 5:10 11:13,16 15:13 16:7
**little** 10:13
**live** 4:20 5:6 12:23
**living** 4:13 13:3

**llc** 2:12 11:17 12:10
**loan** 5:14,15,16 5:18 7:12
**loans** 13:12
**long** 14:9 15:15 15:22
**look** 3:14,16
**looked** 4:18
**lot** 4:17 10:15 18:16 19:2

**m**

**made** 8:14
**make** 6:22 7:4 7:4 12:6 13:12 14:20
**march** 4:8
**match** 3:14
**matches** 3:12
**mean** 11:2 13:6 16:7 17:12,18 17:23 18:2,6
**meeting** 1:15
**mineola** 1:22 20:23
**minute** 5:11
**minutes** 16:3 17:12
**missed** 9:19
**mistake** 8:13 8:15 11:19
**money** 5:12 6:14 14:20 16:15,17 17:2 17:8
**month** 6:7,13 6:14,19,21,24

**months** 6:22
**mortgage** 8:23 8:24 15:11,12
**motion** 11:4
**move** 16:2 17:14,15 18:20 18:20
**mute** 3:5

**n**

**n** 3:1 20:1
**name** 3:9 14:13 15:23,23
**national** 8:23 9:9 15:11
**need** 4:10 11:1 16:2
**never** 10:14,24 10:24,25 18:24 19:5,6,6,13
**northern** 1:2
**number** 3:3,16 8:11
**ny** 1:22 20:23

**o**

**o** 3:1 20:1
**obtain** 13:14
**office** 2:6 17:11
**okay** 3:11,15 3:17 4:5,16,25 5:4,6,9,20,25 6:9,18 7:22,23 7:23 8:5 12:17 14:1 16:17 18:1,20 19:11 19:22

**old** 1:20 20:21
**oliva** 2:12 7:25 8:2,5,10,16,21 9:5,7,9,11,15 9:22 10:3,6,8 10:11 11:8,21 11:25 12:2,5,9 12:12 13:5,8 13:12,14,17,21 13:23 14:1,3,7 14:11,16,19,25 15:9,18,25 16:6,13 18:22 19:1,8,15,18 19:23
**order** 8:18
**owe** 5:12 16:8 16:14,17 17:2 17:7,21,21,22 18:12,14
**owes** 16:7
**owing** 12:19
**own** 4:19 5:17 5:21 10:21,22 11:4
**owned** 4:22 10:24,25 14:8
**owner** 10:9 13:2,10,11
**owns** 11:3

**p**

**p** 3:1
**page** 7:16
**pages** 5:25
**paid** 19:6
**papers** 4:10

**[part - situation]**

Page 5

**part** 3:16 8:6 8:10
**pass** 8:24 15:12
**past** 14:21
**pay** 3:17 4:25 5:4 6:25 7:12 9:19 12:20,22 13:3,8 19:5
**paycheck** 6:16 6:17
**payment** 7:5,6
**payments** 14:19
**penalty** 3:5
**pension** 6:5 18:6
**people's** 18:16
**period** 11:16
**perjury** 3:6
**person** 10:4 11:12,12 16:5
**petition** 3:13 3:14,23 8:10 11:14 13:18 16:6 19:9
**picture** 3:12
**pleadings** 4:18
**please** 3:4,9
**power** 14:12
**pretty** 18:2,7 18:10
**prior** 8:11 12:5 13:11
**pro** 2:3 3:17 4:16 10:17,19
**problem** 16:25

**problems** 17:3
**proceedings** 1:24 19:25 20:4
**produced** 1:25
**properties** 2:12 11:17 12:9,15 12:16 18:13
**property** 4:19 8:8,21 10:4,9 10:22 13:4,23 14:8,25 15:16
**put** 9:19 17:2 19:16
**putting** 4:17 17:20

**q**

**question** 11:15 12:18 17:3 18:13
**questions** 5:11 7:24 10:15,20 16:9

**r**

**r** 3:1 5:3,3 20:1
**rabbit** 17:1
**raise** 3:4
**read** 3:20,23
**really** 15:21
**reason** 7:22 11:5
**receive** 6:5 10:12
**recommend** 19:8,12,12

**record** 20:4
**recorded** 1:24 14:12
**recording** 1:24 3:3
**records** 9:22
**refer** 17:10
**reflects** 8:11
**related** 3:24
**remember** 8:20 12:14
**remove** 13:17 19:1
**rent** 4:25 5:4,5 5:6 6:12 9:19 9:25 14:19
**represented** 10:8
**represents** 10:19 12:16
**residence** 8:7
**resolve** 19:2
**resolves** 16:25
**reversed** 8:14
**richard** 2:7
**right** 3:4 6:2 6:14,19 14:2 16:15 18:4 19:4,21
**road** 1:20 20:21
**room** 5:5,6
**russell** 2:7

**s**

**s** 1:16 2:5 3:1
**sale** 15:1,10,18 15:20

**saving** 6:21
**saying** 9:4 11:18,21
**schedule** 5:9 8:5 9:11,15 11:15
**schedules** 4:17 7:14 16:18,19 17:21
**school** 14:6
**se** 2:3 3:17 4:16 10:17,19
**second** 11:9
**section** 7:17
**security** 3:13
**see** 3:15 5:25 6:1,23 17:11
**seems** 11:10
**seen** 19:14
**send** 10:12
**serious** 16:7,9
**service** 1:25
**services** 1:19
**sheet** 3:21
**shows** 6:18
**sign** 3:23
**signature** 20:7
**similar** 8:8
**simple** 18:2,7 18:10,13
**sir** 3:4,5,8,17 3:19 4:2 7:24 10:17 18:16 19:21,22
**situation** 9:1 10:14 16:9

**[small - years]**

small 6:1
social 3:13
sold 15:1
solemnly 3:5
solutions 20:20
sonya 20:3,8
sorry 5:17 8:2
  16:5 17:13
  18:19,19,19
sound 1:24
source 6:9,11
speaker 4:5
spent 6:14
start 10:2
state 3:9
stated 10:25
states 1:1 2:6
  17:11
stay 11:4
suite 1:21
  20:22
summary 7:14
  7:22
supposed 7:20
sure 6:13 14:10
sw 2:8
swear 3:5
sworn 9:24

**t**

t 20:1,1
take 16:19
  18:19
talking 18:11
  18:12
tax 15:1,10,14
  15:18,20

taxes 12:20,22
  13:3,9 15:5,7
tbw 8:23 15:11
ted 2:8
tell 3:6 14:7,11
tenant 4:21,22
  11:6,6 13:3,23
  15:7
testified 10:22
  16:14 17:22
thank 8:2
  18:22 19:21,22
  19:23
things 14:23
think 4:16 9:2
  10:21 11:15
  12:11 14:9
  17:14
thought 9:18
  15:3
time 14:9
  18:17,19
title 5:14,15,16
  5:18 7:4,4,6,12
  14:13
today 3:12
told 13:8 15:18
total 5:20 6:1
trail 17:1
transcript 1:14
  1:25 20:4
transcription
  1:19,25
transferred
  14:13,20
true 4:4 20:4

trust 8:24
  15:12
trustee 1:16
  2:5,6 8:2,23
  11:8,16 15:11
  17:11,15 19:8
  19:13
truth 3:6,6,7
trying 11:4
  16:9 17:22,24
  17:25 19:17,20
turner 2:8
two 14:21

**u**

under 3:5
  14:12
understand
  16:10,11 17:23
  17:24
unidentified
  4:5
united 1:1 2:6
  17:11
unsecured
  11:18
updated 4:11
use 10:11
utilities 6:25

**v**

va 6:5 18:6
value 5:21
vehicle 7:2
verified 3:15
veritext 1:19
  20:20

vip 2:12 11:17
  12:9,14,16
  13:12,14,17
  18:13

**w**

wait 18:23
wasting 18:16
way 15:6
we've 14:5
  16:2 17:12
wealthy 14:22
william 1:6 2:2
  3:2,10
worked 14:4
written 8:22
  9:5,12,23 10:3
wrong 7:23
  16:5

**y**

ya'll's 18:19
yeah 5:2,19
  6:23 7:16 8:4
  9:22 10:5,17
  11:1,7 12:1
  17:18 18:15
  19:19
years 14:21